# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3389

_____

| | | |
|---|---|---|
| Law Office of John J. Allan P.C., | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| JMAC General Construction Company, | * | |
| | * | [UNPUBLISHED] |
| Defendant, | * | |
| | * | |
| United States of America, through its | * | |
| agency, the General Services | * | |
| Administration (GSA), | * | |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted: May 9, 2005
Filed: May 25, 2005

_____

Before WOLLMAN, BRIGHT, and BYE, Circuit Judges.

_____

PER CURIAM.

In this case, the United States (through the General Services Administration) paid the amount of a disputed contract claim held, plaintiff claims, by plaintiff's client, a subcontractor. The claim arose from the construction of the Thomas F. Eagleton United States Courthouse in St. Louis, Missouri. Plaintiff-Appellant, Law

Office of John J. Allan P.C. ("Allan"), seeks to hold the government liable to it for refusing to recognize and protect Allan's attorney's lien which it claims under the statutes of Missouri. The attorney's lien rises out of legal work that Allan alleges it performed for the subcontractor in the underlying dispute which involved the prime contractor and the General Services Administration.

Allan brought this action in Missouri state court against the subcontractor and the United States to recover the amount of $26,000.00 as attorney's fees. The government removed the case to the United States District Court for the Eastern District of Missouri[1] and moved to dismiss the suit or, in the alternative, for summary judgment. The government contended that the district court lacked jurisdiction over the action. The district court granted the motion and dismissed the action for want of jurisdiction against the United States, and remanded the claim against the subcontractor to the state court.[2] Allan brings this appeal and we affirm.

In its decision, the district court observed that if the lawsuit were a tort claims action for an unjustifiable interference by the government with the lawyer's agreement with the client for interfering with contract rights, such a claim is exempted from the federal tort claims action. Thus, the government has not waived sovereign immunity for that sort of claim under the federal tort claims statutes.

---

[1]The Honorable Howard F. Sachs, United States District Judge for the Eastern District of Missouri.

[2]As noted, the government moved for dismissal or, alternatively, for summary judgment. The district court "rule[d] that summary judgment in favor of defendant on jurisdictional grounds should be granted." We take this to mean that the complaint, as to the United States, was dismissed without prejudice, not that the suit was heard and judgment on the merits of the claim granted in favor of the United States.

The district court also observed that Allan contended that its claim was one neither in contract nor in tort, but one for an unclassified action authorized by the Missouri lien statutes. The court correctly noted that the United States has not waived its sovereign immunity for a neither-tort-nor-contract action under the state lien statute. Finally, as Allan appeared to recognize before the district court, if the action is construed as a contract claim, then jurisdiction lies in the Court of Federal Claims. See Appellant's Appendix at 39 (citing 28 U.S.C. § 1491(a)(1)).

The district court's opinion[3] demonstrates that plaintiff's claims stand barred on jurisdictional grounds. We affirm the dismissal of the action on the basis of that opinion.

_____

[3]Law Office of John J. Allan P.C. v. JMAC Gen. Constr. Co., No. 03-CV-01681 (E.D. Mo. Aug. 23, 2004).